CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 5 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| JERMEER MARSHALL, ) | |
|     Petitioner, ) | Civil Action No. 7:03-CV-00358 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES, ) | By: Hon. Norman K. Moon |
|     Respondent. ) | United States District Judge |

Petitioner Jermeer Marshall, a federal inmate proceeding pro se, filed a motion for a certificate of appealability with the Court of Appeals for the Fourth Circuit. Pursuant to Fed. R. App. Pro R. 4(d), the Court of Appeals forwarded the motion to this court. In his motion, Marshall continues to request re-sentencing as a result of the dismissal of one of the predicate state convictions used to label Marshall a career offender and enhance his sentence. However, despite his numerous attempts to cloud the basic issue, Marshall has not made a substantial showing of the denial of a constitutional right. Therefore, this court denies Marshall's motion for a certificate of appealability.

## I. Procedural history

The Superior Court of New Jersey, in Salem, NJ, convicted Marshall of two drug charges that occurred on September 21, 1995 and February 4, 1997. The court sentenced on the first conviction but he failed to appear for his sentencing in the second case. On June 24, 2002, Marshall pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(B), in the Western District of Virginia. The Pre-Sentence Investigation Report (PSI) included Marshall's prior New Jersey convictions, causing Marshall to be treated as a career offender under U.S.S.G. § 4B1.1. The court sentenced Marshall to 262 months imprisonment and eight years of supervised release.

After his federal conviction, Marshall attempted to resolve the outstanding conviction from New Jersey for which he had not been sentenced. On October 24, 2002, New Jersey officials moved to dismiss the charge for which Marshall had not been sentenced. On June 27, 2003, the charge was officially dismissed with prejudice. The only explanation by New Jersey officials for the dismissal was that Marshall "is serving time in FCI Schuykill Federal Prison until the year 2019."

## II. Analysis

The court sentenced Marshall as a Career Offender, under U.S.S.G. § 4B1.1. To qualify as a career offender, the defendant must have "at least two prior felony <u>convictions</u> of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(3) (emphasis added). Section 4B1.2 explains the terms used in § 4B1.1. According to § 4B1.2(c), the "two prior convictions" require that the "sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The notes to § 4B1.2 explain that the "provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2 cmt. n.3.

Under § 4A1.2(a)(4), if "a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under § 4A1.1(c) if a sentence resulting from that conviction otherwise would be countable." The notes to § 4A1.2 explain that "sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not counted." U.S.S.G. § 4A1.2 cmt. n.6.

Therefore, if, as in the case at bar, a conviction for a drug offense was dismissed for some

2

reason other than an error of law, actual innocence, or unconstitutionality, then the conviction is still counted for purposes of § 4B1.1. In addition, the conviction is counted even if the defendant was never actually sentenced. Because Marshall's prior conviction was dismissed only because state officials did not wish to defend a conviction when the defendant was going to spend the next seventeen years in federal prison, Marshall has not shown that his conviction should not count toward his career offender status.

The petitioner bemoans the fact that he is unable to contest the constitutionality of his prior conviction. However, this fact is a direct result of his own flight prior to sentencing. The court is unmoved by Marshall's lamentations of injustice in a case in which Marshall gave up his opportunity to be sentenced and then appeal that sentence by failing to appear in court.

### III. Conclusion

Marshall has not shown that his sentence was unconstitutional. Therefore, the court denies Marshall's motion for a certificate of appealability. An appropriate order will be entered this day.

**ENTER:** This _____ day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE